The Honorable Charles W. Stewart State Representative P.O. Box 1167 Fayetteville, AR 72702-1167
Dear Representative Stewart
This is in response to your request for an opinion on the following questions:
 Whether the Arkansas Health Care Service Agency can deny adding needed beds by Butterfield Trail Village [BTV] to fulfill their contractual obligations to the residents of BTV, and is BTV under the control of the Arkansas Insurance Commission rather than the Arkansas Health Care Service Agency?
As an initial matter, I assume that you are referring to the Arkansas Health Services Agency.[1] In response to your first question, it is my opinion that the Health Services Agency may deny a long-term care facility a permit approving additional beds; and it appears in this instance that the time period to appeal the Agency's permit decision has already expired for Butterfield Trail Village. The answer to your second question is that the Health Services Agency and the Health Services Commission have exclusive authority to make these determinations.
Butterfield Trail Village is licensed as a "long-term care facility" by the Office of Long-Term Care within the Division of Economic and Medical Services, Department of Human Services. In accordance with the definition found at A.C.A. § 20-10-101(7) (Repl. 1991), "long-term care facility" means a nursing home, residential care facility . . . or any other facility which provides long-term medical or personal care."
Arkansas Code Annotated § 20-8-101(6)(A) (Cum. Supp. 1993) states in relevant part that "`health facility' or `health facilities' means `long-term care facility' as defined by § 20-10-101(7). . . ." Additionally, A.C.A. § 20-8-107 (Repl. 1991) mandates the following:
 (a) . . . [A]ll health facilities, as defined by this subchapter, seeking to add new beds . . . or expand existing bed capacity . . . shall apply for a permit approving additional beds or services pursuant to procedures and criteria as promulgated by the Health Services Commission.
 (b) The commission may authorize the agency to enjoin construction or expansion of existing facilities of any project commenced in violation of this subchapter. . . .
Arkansas Code Annotated § 20-8-103(f) (Repl. 1991) states, "The [Health Services] commission shall review the recommendations of the [Health Services] agency concerning action taken on applications by long-term care facilities . . . for permits of approval and endorse or reject the same." Additionally, A.C.A. § 20-8-104 (Repl. 1991) requires the Health Services Agency to review all applications for permits of approval and timely submit its recommendations to the Health Services Commission within 90 days of receipt of the application, or the application shall be deemed approved.
Assuming that the time periods and actions mentioned by the October 14, 1994, enclosure to your opinion request are correct, the Health Services Agency granted approval of 9 beds for BTV on August 25, 1994, and BTV elected not to appeal the denial of approval for 7 other beds. The applicable appeal procedure for the Health Services Agency is found at A.C.A. § 20-8-106(d) (Repl. 1991), which requires any applicant seeking review of the agency's denial of a permit of approval to file a written appeal for a hearing within 30 days of the date of the notice of denial. It should be noted in this regard that the codified provision says "within 30 days of the date of the notice of appeal." But Act 593 of 1987 at § 6(C) contains the enacted language: "within 30 days of the date of the notice of denial."
Act 593 of 1987 became effective following its passage and approval on April 4, 1987. Where a conflict exists between an act and its applicable Code provision, A.C.A. § 1-2-103(a)(3) and (b) (1987) provide the following rules on repeal of prior laws to the Code:
 (a) All acts, codes and statutes, and all parts of them and all amendments to them of a general and permanent nature in effect on December 31, 1987, are repealed unless:
* * *
 (3) Omitted, changed, or modified by the Arkansas Code Revision Commission, or its predecessors, in a manner not authorized by the laws or the constitution of Arkansas in effect at the time of the omission, change or modification.
 (b) In the event one of the above exceptions should be applicable, the law as it existed on December 31, 1987, shall continue to be valid, effective, and controlling.
It is my opinion that the provision requiring the filing of a notice of appeal within 30 days of the date of the notice of denial found at § 6(C) in Act 593 of 1987 supersedes the Code provision under authority granted by A.C.A. § 1-2-103(b) (1987). An exact time period for appeal cannot be otherwise determined by the changed Code language inserted by the codifiers of the Arkansas Code Annotated. Accordingly, an applicant who desires to appeal a denial of a permit of approval by the Health Services Agency must exercise the appeal within 30 days of the date of the notice of denial. The facts stated in your enclosure establish that the Health Services Agency's decision partially approving and partially disapproving BTV's permit of approval was issued on August 25, 1994. The 30 day appeal period for BTV expired on September 24, 1994.
In my opinion, the Health Services Commission and the Health Services Agency have exclusive authority under the above Code provisions to determine approval on applications for permits by all long-term care facilities. The authority of the Arkansas Insurance Department with respect to continuing care facilities which offer continuing care contracts to the public (A.C.A. § 23-93-101 et seq. (Repl. 1992 and Supp. 1993)) does not, in my opinion, extend to the permitting process for long-term care facilities. See A.C.A. § 23-93-102(c)(3) (Repl. 1992) (exempting from the Continuing Care Provider Regulation Act those facilities "duly authorized and licensed . . . as long-term care facilities providing nursing care.")
It is therefore my opinion, in response to the second part of your question, that BTV is not under the "control" of the Arkansas Insurance Commission insofar as the expansion of bed capacity or services is concerned. Rather, applications in this regard are within the jurisdiction of the Health Services Commission and the Health Services Agency.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:WDG/cyh
[1] The powers and duties of the Arkansas Health Services Agency are found at A.C.A. § 20-8-101 et seq. (Repl. 1991 and Supp. 1993).